UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14103-CIV-MAYNARD

**LAURA D. MCINTYRE,**

    Plaintiff,

v.

**KILOLO KIJAKAZI,** Acting Commissioner
of the Social Security Administration,

    Defendant.

_____/

## ORDER AFFIRMING SOCIAL SECURITY DECISION

Plaintiff Laura D. McIntyre brings this action under the Social Security Act seeking judicial review of Defendant's final decision denying her application for disability benefits. Plaintiff timely exhausted her administrative remedies, and Defendant's decision is ripe for judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to U.S. Magistrate Judge jurisdiction. DE 14.

After Defendant filed the certified administrative record, DE 12 (cited herein as "R. __"),[1] Plaintiff filed her Motion for Summary Judgment. DE 26. Defendant responded with a Motion for Summary Judgment, DE 27. No reply was timely filed. Having carefully considered the parties' briefing and the record, the Commissioner's decision is **AFFIRMED** for the following reasons.

---

[1] A 991-page certified transcript (DE 12) contains the entire administrative record. The transcript index (DE 12 at 2-4) identifies each document or set of documents by exhibit number and description. I will cite to the transcript as "R." followed by the page number(s) listed on the index and located at the bottom right-hand corner of each page.

## BACKGROUND

On January 18, 2019 and February 4, 2019, Plaintiff filed applications for disability insurance benefits and supplemental security income benefits alleging disability as of April 15, 2017. R. 195-96, 201-06. Plaintiff was 49 years old when she applied for disability. R. 7, 195. She completed one year of college, R. 224, and has past relevant work as a receptionist, R. 52, 224-25.

Plaintiff's applications were denied initially and on reconsideration. R. 109-50. On August 24, 2020, at Plaintiff's request, Administrative Law Judge ("ALJ") Glen H. Watkins held a hearing at which Plaintiff, Plaintiff's counsel, and a vocational expert appeared. R. 34-56. On September 14, 2020, ALJ Watkins issued a decision finding Plaintiff not disabled. R. 10-20. On February 4, 2021, the Appeals Council denied Plaintiff's request to review ALJ Watkins' decision. R. 1-6. The Appeals Council's decision is the Commissioner's final decision. This timely appeal followed.

## STANDARD OF REVIEW

To qualify for Social Security benefits, a claimant must show that she is disabled. *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); 20 C.F.R. §§ 404.1512(a), 416.912(a). The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

A disability benefits claim follows a multi-layered process before it can be reviewed in federal court. A claimant first applies to a state agency for disability determinations, 42 U.S.C. § 421(a), after which the claimant is entitled to an evidentiary hearing before an ALJ. *Heckler v. Day*, 467 U.S. 104, 106–07 (1984). An ALJ must perform a "five-step sequential evaluation" to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). This five-step process determines if a claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or equals an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1 (the "Listings"); (4) can perform past relevant work based on a residual functional capacity ("RFC") assessment; and (5) retains the ability to perform any work in the national economy. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018); *Hines–Sharp v. Comm'r of Soc. Sec.*, 511 Fed. Appx. 913, 915 n.2 (11th Cir. 2013). If an individual is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 416.920(a).

A claimant may appeal an ALJ's unfavorable decision to an Appeals Council that must review the case and determine if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Heckler*, 467 U.S. at 106-07; 20 C.F.R. § 404.970(a). After completing the foregoing administrative process, a claimant may seek review in federal court. 42 U.S.C. § 405(g); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007).

Under governing regulations, the Social Security Administration conducts its "administrative review process in an informal, non-adversarial manner." 20 C.F.R. § 404.900(b). Unlike judicial proceedings, social security administrative hearings "are inquisitorial rather than

adversarial." *Washington*, 906 F.3d at 1364 (quoting *Sims v. Apfel*, 530 U.S. 103, 111 (2000)). "Because Social Security hearings basically are inquisitorial in nature, '[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.'" *Id.* Indeed, "at the hearing stage, the Commissioner does not have a representative that appears 'before the ALJ to oppose the claim for benefits.'" *Id.* (quoting *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). "Thus, 'the ALJ has a basic duty to develop a full and fair record. This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id.* (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

On review in federal court, the scope of review is limited to determining if (1) substantial evidence supports the Commissioner's findings, and (2) the correct legal standards were applied. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). To make this determination, a reviewing court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The Supreme Court recently explained that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

In testing for substantial evidence, a court may not "reweigh the evidence" or "decide the facts anew." *Winschel*, 631 F.3d at 1178. Instead, so long as the ALJ's findings are supported by substantial evidence, they are conclusive, and the court must defer to the ALJ's decision even if

the evidence preponderates against it. *Crawford*, 363 F.3d at 1158-59; *see also Biestek*, 139 S. Ct. at 1157 (the governing standard of review defers to the presiding ALJ, "who has seen the hearing up close"). However, the court will not "merely rubber-stamp a decision ... [and] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019); *see also Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104 (11th Cir. 2021) ("Within this narrowly limited role, however, the federal courts 'do not act as automatons' … '[w]e retain an important duty to 'scrutinize the record as a whole' and determine whether the agency's decision was reasonable") (quoting *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). Remand is appropriate for further factual development where the record reveals evidentiary gaps that result in unfairness or clear prejudice. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018).

A reviewing court must also review the ALJ's decision to determine if the correct legal standards were applied. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide sufficient reasoning for determining that the proper legal analysis has been conducted, then the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## THE ALJ'S DECISION

The ALJ in this case proceeded through the five-step sequential analysis as follows:

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of April 15, 2017, through her date last insured of September 30, 2020. R. 13.

At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease s/p lumbar laminectomy, fibromyalgia, unspecified connective tissue disorder, and obesity. *Id.*[2]

At step three, notwithstanding the noted impairments, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an agency-listed impairment in the Listings. R. 15. The ALJ then concluded that Plaintiff retained the RFC to perform light work as defined in 20 CFR § 404.1567(b) except with the following limitations:

> lift and/or carry up to 20 pounds occasionally and lift and/or carry up to 10 pounds frequently; stand and/or walk for approximately 6 hours per 8 hour workday and sit for approximately 6 hours per 8 hour workday with normal breaks; limited to occasional for all postural activities including balancing, stooping, kneeling, crouching, crawling, climbing ramps/stairs, and climbing ladders, ropes, or scaffolds; and avoid concentrated exposure to hazards.

R. 15.

At step four, considering Plaintiff's RFC and based on testimony from a vocational expert, the ALJ found that Plaintiff could perform her past relevant work as a receptionist. R. 18. As an alternative, the ALJ further determined that Plaintiff could perform jobs in the economy, including representative occupations such as a marker (DOT No. 209.587-034, light, SVP2) with approximately 200,000 jobs in the national economy; router (DOT No. 222.587-038, light, SVP2)

---

[2] The ALJ noted Plaintiff has diagnoses of hypertension, migraines, hypothyroidism, gastroesophageal reflux disease (GERD), irritable bowel syndrome (IBS), left ovarian cyst, hiatal hernia, vitamin B12 deficiency, vitamin D deficiency, hypokalemia, hyperlipidemia, pharyngitis, chronic cholecystitis, lightheadedness/near syncope, and bilateral refractive-astigmatism. R. 13. Treatment notes also indicate complaints of right-sided drop foot. *Id.* The ALJ found these conditions to be non-severe. *Id.* Additionally, the ALJ found that Plaintiff's depression and anxiety disorder caused no more than minimal limitation in her ability to perform mental work and, therefore, were non-severe as well. R. 14.

with approximately 35,000 jobs in the national economy; and office helper (DOT No. 239.567-010, light, SVP2) with approximately 13,000 jobs in the national economy.  R. 19.

The ALJ therefore concluded that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant period of April 15, 2017 through the date of the ALJ's decision.  R. 20.

## DISCUSSION

Plaintiff's appeal presents only one issue, which is whether the Commissioner improperly evaluated Plaintiff's subjective complaints of pain and other symptoms.  DE 26 at 10-14.  Plaintiff bears the burden as the claimant to establish disability by proving that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Under the substantial evidence standard of review, Plaintiff "must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the [Commissioner's] conclusion."  *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

In determining disability, an ALJ must consider all symptoms, including pain, and the extent to which those symptoms are reasonably consistent with the objective medical evidence and other evidence in the record.  20 C.F.R. §§ 404.1529(a), 416.929(a).  The Eleventh Circuit has established a three-part "pain standard" for the Commissioner to follow in evaluating a Plaintiff's subjective complaints.  The standard requires: (1) evidence of an underlying medical condition; and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such a severity

that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If an ALJ rejects a claimant's subjective testimony, he must articulate explicit and adequate reasons for doing so. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Social Security Ruling ("SSR") 16-3p emphasizes that "subjective symptom evaluation is not an evaluation of a claimant's character." Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Oct. 25, 2017), 2017 WL 5180304. "Adjudicators, as the regulations dictate, are to consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the record." *Lewno v. Kijakazi*, 2022 WL 3999282, *6 (M.D. Fla. Sept. 1, 2022) (citing SSR 16-3p). According to the regulations, "objective medical evidence" includes medical signs shown by medically acceptable clinical diagnostic techniques and laboratory findings. 20 C.F.R. §§ 404.1529, 416.929. Other evidence in the record includes "1) the claimant's daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms experienced by the claimant; 3) factors that precipitate and aggravate the claimant's symptoms; 4) the type, dosage, effectiveness, and side effects of any medication a claimant takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, a claimant receives or has received for relief of pain or other symptoms; 6) any measures other than treatment a claimant uses or has used to relieve pain or other symptoms; and 7) any other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms." SSR 16-3p; *see also Underwood v. Soc. Sec. Admin., Comm'r*, 750 F. App'x 944, 947 (11th Cir. 2018).

Here, Plaintiff testified that she suffers from chronic back pain characterized as stabbing, aching, and twitching; she has severe spasm and right-sided foot drop, making it very difficult for her to walk; she has chronic diffuse joint pain, weakness, and the sensation of pins and needles in her neck, shoulders, thighs, knees, and feet; she has frequent migraines where she had to lay down in a quiet and dark place; she has chronic IBS symptoms causing frequent accidents; she has chest pain, chronic fatigue, dizziness, and at times fainting spells; she has difficulty sitting, standing, and walking, and spends most of her day lying in bed with pillows under her knees; her depression and anxiety cause her to have mood swings, racing thoughts, sleep disturbance, and panic attacks; and she has difficulties with memory, comprehension, focus, concentration, staying on task, and social interaction. R. 17, 36-50. She testified that she lives with her mother and has difficulties performing activities of daily living. *Id*. She said she is capable of personal care with limitations and very limited household chores. She is also able to drive. *Id*.

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. R. 16. The ALJ painstakingly discussed the medical evidence, detailing examination notes and observations from Plaintiff's rheumatology, primary care, and hospital providers, Plaintiff's CT scan, MRI, and imaging reports, and Plaintiff's treatment history. R. 17-18. The ALJ explained that, although the record indicated treatment for back pain, joint pain, and obesity, "physical examination notes did not indicate any specific or quantifiable impact on pulmonary, musculoskeletal, endocrine, or cardiac functioning." R. 17. The ALJ reiterated that Plaintiff's providers largely treated her conservatively with medication and in 2018 Plaintiff underwent a successful L3-L4 laminectomy and discectomy without complications. *Id.*, R. 671-

72. The ALJ also considered Plaintiff's activities of daily living, mentioning that, with limitations, Plaintiff was capable of personal care and very limited household chores. R. 16-17, 44, 49-50.

Plaintiff contends that the ALJ erred in assessing Plaintiff's subjective complaints by focusing primarily on the objective medical evidence instead of analyzing all of the factors set forth in the regulations. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). In support, Plaintiff points to SSR 16-3p, which provides that the Commissioner "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms. A report of minimal or negative findings or inconsistencies in the objective medical evidence is one of many factors we must consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms." SSR 16-3p at ¶1 (citing 20 C.F.R. 404.1529).

Plaintiff 's contention is incorrect. The ALJ articulated explicit and adequate reasons for his decision, addressing the objective medical evidence as well as other pertinent factors set forth in 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). I have reviewed the ALJ's discussion of the evidence in the record and find it to be accurate, thorough, and well-supported by the record as a whole.

An ALJ does not err by relying largely on objective medical evidence and the examination notes of treating providers to assess a Plaintiff's subjective complaints. "The Eleventh Circuit has repeatedly told us that a claimant's testimony may be discredited through an ALJ's reliance on objective medical evidence." *Wiley v. Kijakazi*, 2022 WL 417743, at *5 (N.D. Ala. Feb. 10, 2022) (*citing Wilson v. Barnhart*, 284 F.3d 1219, 1226; *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986)); *see also D'Aquila v. Berryhill*, 2019 WL 3890455, at *6 (S.D. Fla. May 2, 2019) ("Although the ALJ discredited Plaintiff's testimony, there were adequate and medically objective

reasons for doing so. Therefore, there was no error."). Moreover, the ALJ in this case did not rely solely on medical evidence, but also considered other pertinent evidence. The ALJ noted that Plaintiff has challenges with her personal care and performs limited household chores. R. 16-17. The ALJ acknowledged Plaintiff's reports of pain in her back that feels like stabbing, aching, and twitching, weakness, and pins and needles in her neck, shoulders, thighs, knees, and feet. *Id*. The ALJ noted four times that various providers recommended "conservative treatment by medication" for Plaintiff's pain and recommended conservative treatment of diet and exercise for Plaintiff's obesity. R. 17-18. The ALJ discussed other treatment Plaintiff received, including her successful L3-L4 discectomy without complications in 2018. *Id*. Importantly, based on this evidence, the ALJ largely *credited* Plaintiff's subjective allegations by limiting Plaintiff's RFC to light work with still further limitations. The ALJ found this RFC supported by the overall evidence, "including objective findings *and the significant degree to which the claimant's statements about symptom severity are consistent with the evidence overall.*" R. 18 (emphasis added).

      Plaintiff has not met her burden to show error. The ALJ accurately summarized Plaintiff's symptoms and allegations in considerable detail and specifically noted the significant degree to which Plaintiff's statements about her symptoms were consistent with the overall evidence. R. 16-18. The ALJ meticulously reviewed the medical evidence in the record. *Id*. The ALJ considered other factors including Plaintiff's daily activities, reported duration and frequency of symptoms, history of conservative treatment with medication, and successful surgery. At this level of judicial review, I am not permitted to reweigh evidence or substitute my judgment for that of the Commissioner. My review is limited to determining if the final decision is supported by substantial evidence and based on proper legal standards. In this case, upon independent review,

I find that it is. Plaintiff offers no justifiable reason for me to depart from the Commissioner's final decision, which is substantially supported and legally sound. Remand is not warranted.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Summary Judgment, DE 26, is **DENIED**.

2. Defendant's Motion for Summary Judgment, DE 27, is **GRANTED** and Defendant's administrative decision is **AFFIRMED.**

3. Pursuant to Federal Rule of Civil Procedure 58, a separate judgment shall be entered in accordance with this Order.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 25th day of August, 2023.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE

.